**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

In Re:                                                                                    Chapter 7

Ameer Mohamead Haniff,

                             Debtor.                                        Case No. 19-46590
-------------------------------------------------------------x

Mario Umana and Francisca Rivas,
                   Plaintiffs,

Adversary Proceeding
No.: 20-01013-ess

RECEIVED/MR 2020 FEB 26 A 9: 24
CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

## Answer to Complaint

      Your Honor, on February 7, 2020, I received a summons in the mail concerning the discharge of my debt. After reading the summons I'm in a state of confusion on the reason why my debt shouldn't be discharged.

      One reason presented in the summons was **Intoxication of Debtor.** After doing my research I found out if alcohol was involved, the debt isn't dischargeable, but on my behalf there isn't any proof of alcohol usage. Not only isn't there any proof, in the summons it states that I was inside of a bar called Essex Lounge in Queens, but there weren't any video surveillance showing me entering or exiting the bar. In the summons it also states that I had an altercation with the plaintiff, Mario Umana, but video evidence used in the criminal proceeding shows no type of altercation between the plaintiff and I. Video obtain by the NYPD shows debtor standing by his car while the fight is in process. Even though intoxication is being used as the reason for the personal injury, hospital

records show that plaintiff, Mario Umana, was Intoxicated (Exhibit A) and also had "pungent ETOH odor" (Exhibit B). Therefore, showing alcohol usage played a factor on the plaintiff behalf.

Another reason in the summons of why my debt shouldn't be discharged is the **Default Judgment** against me. At the time of the proceeding for the civil case, I was on trial in Supreme Court. Debtor was advised by lawyer not to appear, as in any statement made can be used against me in criminal proceeding. Not knowing any better, I followed the advice of my lawyer because my life was in hand and I trusted the words he said. The plaintiff was granted ten million dollars by default against me and there is no way for me to pay that. I'm a father of two little boys and a husband of a wife who doesn't work because she is still in school. Basically, all the weight is on my shoulders to give my wife and kids the life they deserve and being held responsible for a crime I didn't commit makes it much harder for me to do so.

Furthermore, in the summons, it states Bankruptcy Code 522(q)(1) (B)(iv) provides, in relevant part, that the debtor may not exempt or discharge a debt for:

(vi) any criminal act, intentional tort, or willful or reckless misconduct that caused serious physical injury or death to another individual in the Preceding 5 years.

In the Supreme Court trail, more than one indictment charge (Exhibit C) used the same words as the Bankruptcy Code above. On completion of trial, debtor was found not guilty on all charges other than counts 21 and 22.

On the day of June 26th, 2016 is when this life changing event took place for both debtor and plaintiff. The plaintiff lost part of his leg from this tragic event and debtor

entire life changed after being accused for a crime that he did not commit. Not only did I not commit the crime I was accused of, witnesses statements helped prove my innocence. One witness stated that a fight broke out and as she crossed the street she was hit by an unknown car and doesn't remember anything after that (Exhibit D). Another witness stated that he saw his wife and plaintiff, Mario Umana, hit by a car traveling east bound on Jamaica Avenue and also made a U-Turn as he tried to chase down the car (Exhibit E). In Exhibit E, witness stated he saw his wife and brother, Mario Umana, unconscious laying in the streets. All of these statements help prove my innocence in court because video evidence doesn't match the statements made and each person had a different story when interviewed that same morning. Not only did their statements not correspond, plaintiff, Mario Umana, also stated in court summons that he was pinned between two cars when he was hit. Yet, in hospital reports (Exhibit A and B) plaintiff states car jumped the curb and struck him. Nowhere in the criminal proceeding were there any proof of a car jumping the curb, and if a car did jump the curb, it would be significant damage to the car and even damage to the bus stop right where the incident took place.

Never the less, I am truly sorry for what happen to the plaintiff and I can only imagine what he went thru and is still dealing with, but I shouldn't be held responsible for a tragic event that I didn't cause. This road has taken a toll on me physically and emotionally. Your Honor, as you read this I hope you understand where I am coming from and can see how much of a heartache this is on my family and I. Bankruptcy was my only option to relieve myself from this debt because he was already granted a default judgement against me. However, the amount granted to him is a number that I

won't ever be able to pay off and it would make life harder than it is for me already to take care of my growing family.

WHEREFORE, debtor respectfully request that this Court enter a Judgement granting relief from debt as this Court may deem just and proper.

Dated: February 22, 2020

By: _____

Ameer Mohamead Haniff

87-37 78th street,

Woodhaven, NY 11421.