| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NO. |
|---|---|
| (Instructions on Reverse) | |

**PLAINTIFF(S)**
MARIO UMANA and FRANCISCA RIVAS

**DEFENDANT(S)**
AMEER MOHAMEAD HANIFF

CLERK
U.S. BANKRUPTCY COURT
EAST... DISTRICT OF

**ATTORNEY(S)** (Firm Name, Address, Telephone No.)
LAW OFFICE OF KEVIN MOSLEY, P.C.
41-45 Prospect Avenue
Douglaston, New York 11363
212-631-7000

2020 FEB -5 A II: 56

RECEIVED

**ATTORNEY(S)** (If Known)

**PARTY** (Check One Box Only)
- [ ] Debtor
- [ ] U.S. Trustee
- [x] Creditor
- [ ] Trustee
- [ ] Other

**PARTY** (Check One Box Only)
- [x] Debtor
- [ ] U.S. Trustee
- [ ] Creditor
- [ ] Trustee
- [ ] Other

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)
Adversary Proceeding 28 U.S.C. 157(b) (2), Bankruptcy Code 1328(a) (4), Bankruptcy Code 523(a) (9)

## NATURE OF SUIT

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11 – Recovery of money/property - § 542 turnover of property
- [ ] 12 – Recovery of money/property - § 547 preference
- [ ] 13 – Recovery of money/property - § 548 fraudulent transfer
- [ ] 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
- [ ] 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
  (continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61 – Dischargeability - § 523(a)(5), domestic support
- [ ] 68 – Dischargeability - § 523(a)(6), willful and malicious injury
- [ ] 63 – Dischargeability - § 523(a)(8), student loan
- [ ] 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
- [x] 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71 – Injunctive relief – imposition of stay
- [ ] 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
- [ ] 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
- [ ] 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
- [ ] 01 – Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
- [ ] 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

- [ ] Check if this case involves a substantive issue of state law
- [ ] Check if this is asserted to be a class action under FRCP 23
- [x] Check if a jury trial is demanded in complaint

Demand: $ 10,331,690.96

**Other Relief Sought:**
Non dischargeability

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>AMEER MOHAMEAD HANIFF | BANKRUPTCY CASE NO.<br>19-46590 (EES) | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN DISTRICT OF NEW YORK | DIVISION OFFICE | NAME OF JUDGE<br>Elizabeth S. Stong |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kevin h. Mosley |
|---|---|
| DATE<br>February 3, 2020 | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X          Chapter 7
In Re:

AMEER MOHAMEAD HANIFF,

                                    Debtor.                    Case No. 19-46590 (EES)
------------------------------------------------------
MARIO UMANA and FRANCISCA RIVAS,
                      Plaintiffs,

                                                        **Adversary Proceeding**
                                                        **No.:**

              -against-

AMEER MOHAMEAD HANIFF,
                      Defendant.
------------------------------------------------------X

### COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE

Plaintiffs-Creditors Mario Umana and Francisca Rivas as and for their complaint against Defendant-Debtor Ameer Mohamead Haniff, (the "Debtor" ), respectfully allege:

### JURISDICTION

1.      On October 31, 2019, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code ( the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

2.      On December 11, 2019, the Debtor's duly noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code. (the "Section 341 Meeting").

3.      As of the date of this complaint the Debtor has not been granted a discharge.

4.      This Complaint is timely in that the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeabilty of a debt expires February 10, 2020.

5.   This is an adversary proceeding in which the plaintiffs-creditors are objecting to the

Debtor's discharge under Bankruptcy Code sections 523 (a) (9), 522(q)(1) (B)(iv) and 1328 (a)

(4).

6.   The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

1334 and Bankruptcy Code sections 523 and 727.

7.   This case is a core proceeding pursuant to 28 U.S.C.  157(b)(2)(1) and 157 (b) (2)

(J).

## PARTIES

8.   Plaintiff Mario Umana is a resident of Queens County New York.  Plaintiff

Francisca Rivas is the lawful spouse of plaintiff Mario Umana. Plaintiffs reside at 95-24 132

Street South Richmond Hill, New York 11419.

9.   Plaintiffs are judgment creditors of the Debtor.

10.   Defendant is the Debtor in the above captioned action. He resides at 87-37 78th

Street, Woodhaven, New York 11421.

### AN INTOXICATED DEBTOR INTENTIONALLY, WILLFULLY, MALICIOUSLY AND RECKLESSLY CAUSED SERIOUS PERSONAL INJURIES TO PLAINTIFF UMANA

11.   That on or about June 26, 2016 Debtor was imbibing alcoholic beverages at a

Queens bar and lounge known as the Essex Lounge in Richmond Hill New York. That plaintiff

consequently became intoxicated.

12.   After leaving the bar Debtor intentionally, wilfully, maliciously, recklessly, and

negligently drove his motor vehicle into the plaintiff pinning him between Debtor's motor

vehicle and a parked car.

13.   Prior thereto plaintiff and Debtor had an altercation.

14. Debtor caused Plaintiff to sustain serious physical injuries, including, but not limited to the total loss of a leg.

15. That Debtor's actions were intentional, willful, malicious, reckless and negligent.

16. That Debtor willfully and maliciously caused the Plaintiff to sustain the aforesaid injuries.

17. Debtor was arrested because the aforesaid act and subsequently indicted for, inter alia, Intentional Attempted Murder, Assault with Intent to Seriously Injure with a Weapon and Leaving the Scene of An Accident Causing Injury.

## PLAINTIFF'S STATE COURT SUIT AGAINST THE DEBTOR

18. On September 8, 2016 plaintiffs commenced an action in the Supreme Court of the State of New York, Queens County, Index No. 710769/2016 against the Debtor, the co-owners of the vehicle used by debtor to hit plaintiff and the bar debtor left shortly before the occurrence seeking compensatory damages for plaintiff Umana' personal injuries and plaintiff Rivas' claim for loss of services. ( **Complaint annexed as Exhibit A**)

19. In the State Court complaint plaintiff alleged that the Debtor was intoxicated when operating the motor vehicle.

20. Debtor, as well as the other state defendants, was duly served but all failed to appear, thereby defaulting.

21. Consequently, plaintiffs moved for a default judgment and finding on liability in the state court before Honorable Leslie Purificacion.

22. The State Court issued a written decision granting plaintiffs' motion on liability on all of the allegations in the complaint, including the allegations that Debtor was intoxicated as well his conduct being willful, wanton, intentional, reckless and negligent. (**Court's Decision**

**annexed as Exhibit B)**

23.    The Judgment against Debtor has not been reargued, appealed, vacated, or modified, and now is final, the time having expired for such review.

24.    As such the State Court's decision is res judicata on the issues raised in the complaint.

25.    On January 7, 2019 Judgment for $10,331,690.96 was entered against Debtor and the other state defendants, joint and severally, pursuant to the Court's decision, no part of which was ever paid. ( **Judgment annexed as Exhibit C)**

## COUNT I –NON-DISCHARGEABILITY OF PLAINTIFFS' JUDGMENT UNDER SECTION 523(a) (9) OF THE BANKRUPTCY CODE

26.    Plaintiffs repeat and re-alleges the allegations set forth in paragraphs 1 through 25 of this Complaint as if set forth at length herein.

27.    Bankruptcy Code 523(a)(9) provides, in relevant part, that:

(b)    A discharge under 727, 1141, 1228(a), 1228(b)

or 1328(b) of this title does not discharge an

individual debtor from any debt-

...

(9) for death or personal injury caused by the debtor's

operation of a motor vehicle...if such operation was unlawful

because the debtor was intoxicated from using alcohol...

28.    All of the debt owed by Debtor to plaintiffs, as evidenced by the Judgment entered against Debtor, is non-dischargeable as it is for personal injury caused by the Defendant within

the meaning of Bankruptcy Code Section 523 (a) (9).

29.     By virtue of the Debtor's aforementioned action, discharge should be
denied under Bankruptcy Code Section 523 (a) (9).

## COUNT II –NON-DISCHARGEABILITY OF PLAINTIFFS' JUDGMENT UNDER SECTION 522(q) (1) (B) (iv) OF THE BANKRUPTCY CODE

30.     Plaintiffs repeat and re-alleges the allegations set forth in paragraphs 1 through 29
of this Complaint as if set forth at length herein.

31.     Bankruptcy Code 522(q)(1) (B)(iv)  provides, in relevant part, that the debtor may
not exempt or discharge a debt for:

>       (vi)    any criminal act, intentional tort, or willful or reckless misconduct that
>               caused serious physical injury or death to another individual in the
>               Preceding 5 years.

32.     All of the debt owed by Debtor to plaintiffs, as evidenced by the Judgment entered
against Debtor, is non-dischargeable as it is for personal injury caused by the Debtor Defendant
within the meaning of Bankruptcy Code Section 522(q)(1) (B)(iv).

33      By virtue of the Debtor's aforementioned action, discharge should be
denied under Bankruptcy Code Section 522(q)(1) (B)(iv).


## COUNT III –NON-DISCHARGEABILITY OF PLAINTIFFS' JUDGMENT UNDER SECTION 1328(a) (4) OF THE BANKRUPTCY CODE

34      Plaintiffs repeat and re-alleges the allegations set forth in paragraphs 1 through 33
of this Complaint as if set forth at length herein.

35     Bankruptcy Code 1328(a)(4) provides, in relevant part, that the debtor may not discharge a debt for:

> ..(4) for restitution, or damages, awarded in a civil action against debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual.......

36     All of the debt owed by Debtor to plaintiffs, as evidenced by the Judgment entered against Debtor, is non-dischargeable as it is for personal injury caused by the Debtor Defendant within the meaning of Bankruptcy Code Section 1328(a)(4) .

37     By virtue of the Debtor's aforementioned action, discharge should be denied under Bankruptcy Code Section 1328(a)(4) .

WHEREFORE, plaintiffs respectfully requests that this Court enter a Judgment determining that the debt reflected in the Judgment entered in favor of plaintiffs against the Defendant Debtor on January 7, 2019 is non-dischargeable under Bankruptcy Code sections 523(a) (9) or , in the alternative, denying the Debtor's discharge under Bankruptcy Code Section 522(q)(1) (B)(iv), Bankruptcy Code 1328(a)(4) and granting plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 29, 2020
     New York, N.Y.

By _____
KEVIN L. MOSLEY, Esq.
Attorneys for Plaintiff(s)
41-45 Prospect Avenue
Douglaston, New York 11363
Tel. (212) 631-7000

Kevin.Mosley@verizon.net

To:
Amear Haniff
87-37 78th Street,
Woodhaven, New York 11421.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
———————————————————————X

MARIO UMANA and FRANCISCA RIVAS,

                                        Plaintiff,                          INDEX NO:

        -against-

                                                                            **SUMMONS**

AMEAR HANIFF, AFTABADEEN M. HANIFF,
S. JAGERNAUTH-HANIFF and ESEX LOUNGE
CORP.,
                                        Defendants.
———————————————————————X

**TO THE ABOVE NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance

on plaintiff(s)' attorney within twenty (20) days after service of this summons, exclusive of the day of service

(or within thirty (30) days after service is complete if this summons is not personally delivered to you within

the State of New York); and in case of your failure to answer or appear, judgment will be taken against you

by default for the relief demanded in the notice set forth below and in the complaint.

        The basis of venue designated is the plaintiff's residence in the County of Queens, and

defendants' AMEAR HANIFF, AFTABADEEN M. HANIFF, S. JAGERNAUTH-HANIFF residence in the County

of Queens at 122-14 109th Ave., Jamaica, N.Y. 11420 and ESSEX LOUNGE CORP.'s principle place of

business at 131-15 Jamaica Avenue, Richmond Hill, New York, 11418 in the County of Queens.

Dated:  New York, New York
        September 1, 2016

                                        The Law Office of Kevin L. Mosley, P.C.
                                        *Attorney for Plaintiff(s)*
                                        KEVIN MOSLEY, ESQ.
                                        11 Park Place, 10th Floor
                                        New York, New York 10007.
                                        Telephone #212-631-7000
                                        Fax: 646-304-2007

                                        *Kevin L. Mosley*
                                        By:————————————————
                                            Kevin L. Mosley, Esq.

To:
AMEAR HANIFF
122-14 109th Ave., Jamaica, N.Y. 11420

AFTABADEEN M. HANIFF
122-14 109th Ave., Jamaica, N.Y. 11420

S. JAGERNAUTH-HANIFF
122-14 109th Ave., Jamaica, N.Y. 11420

ESSEX LOUNGE CORP.
131-15 Jamaica Avenue,
Richmond Hill, New York, 11418

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------X
MARIO UMANA and FRANCISCA RIVAS,

                    Plaintiffs,

                                            COMPLAINT

            -against-

AMEAR HANIFF, AFTABADEEN M. HANIFF,
S. JAGERNAUTH-HANIFF and ESSEX LOUNGE
CORP.,

                    Defendants.
------------------------------------------------------X

        Plaintiffs, by their attorneys, The Law Office of Kevin L. Mosley, P.C., of 11 Park Place,

New York, N.Y., 10th floor, 10007, complaining of the defendants, herein upon information and

belief, state as follows:

        1.    That at all times herein mentioned, plaintiff MARIO UMANA and FRANCISCA

RIVAS were and are residents of Queens County located in the State of New York.

        2.    That at all times herein mentioned defendant AMEAR HANIFF was a resident of

Queens County New York located in the State of New York.

        3.    That at all times herein mentioned defendant AFTABADEEN M. HANIFF was a

resident of Queens County New York located in the State of New York.

        4.    That at all times herein mentioned defendant S. JAGERNAUTH-HANIFF was a

resident of Queens County New York located in the State of New York

        5.    That at all times herein mentioned ESSEX LOUNGE CORP., was a domestic

corporation with its principle place of business at 131-15 Jamaica Avenue, Richmond Hill, N.Y.,

11418.

        6. That on the date of the occurrence complained of herein, June 26, 2016, ESSEX

Lounge CORP. did provide alcoholic beverages to the public, including defendant AMEAR HANIFF, for a fee.

7.   That at all times hereinafter mentioned, plaintiff, MARIO UMANA, was a pedestrian.

8.   That at all the times herein mentioned, defendant AMEAR HANIFF owned a certain motor vehicle, upon information and belief, commonly known as a 2015 Lexus Sedan with New York plate number GXS8043 or plate similar thereto (hereinafter referred to as the "defendant's vehicle " or the "Lexus").

9.   That at all times herein mentioned defendant AFTABADEEN M. HANIFF owned a certain motor vehicle, upon information and belief, commonly known as a 2015 Lexus Sedan with New York plate number GXS8043 or plate similar thereto.

10.   That at all times herein mentioned defendant S. JAGERNAUTH-HANIFF owned a certain motor vehicle, upon information and belief, commonly known as a 2015 Lexus Sedan with New York plate number GXS8043 or plate similar thereto.

11.   That at all the times herein mentioned, defendant AMEAR HANIFF operated the afore described Defendant's vehicle with the express or implied permission of the vehicle owner.

12.   That at all the times herein mentioned defendant AMEAR HANIFF maintained and managed the afore described Defendant's vehicle with the express or implied permission of the vehicle owner.

13.   That at all the times herein mentioned defendant AMEAR HANIFF controlled the afore described Defendant's vehicle with the express or implied permission of the vehicle owner.

14.   That at all times herein mentioned AFTABADEEN M. HANIFF, as owner of the

defendant 2015 Lexus, is vicariously liable for the acts and omissions of defendant AMEAR HANIFF while AMEAR HANIFF was operating defendant's vehicle, pursuant to NY VTL §388.

15. That at all times herein mentioned, S. JAGERNAUTH-HANIFF, as owner of the defendant 2015 Lexus, is vicariously liable for the acts and omissions of defendant AMEAR HANIFF while AMEAR HANIFF was operating defendant's vehicle, pursuant to NY VTL §388.

16. That at all the times herein mentioned defendant AMEAR HANIFF had and assumed an affirmative duly to exercise reasonable care in the, operation, maintenance, management and control of the afore described Defendant's vehicle, the 2015 Lexus.

17. That on June 26, 2016 defendant AMEAR HANIFF had and assumed an affirmative duly to exercise reasonable care in the, operation, maintenance, management and control of the afore described Defendant's vehicle, the 2015 Lexus, at the location 131-09 Jamaica Avenue, Queens, New York.

18. That at all times hereinafter mentioned Jamaica Avenue, at or near the location 131-09 Jamaica Avenue, Queens, New York, was a public roadway located in Queens County, New York.

19. That on or about June 26, 2016 Defendant Ameer Haniff, did strike plaintiff MARIO UMANA with his vehicle and did pin MARIO UMANA between the Lexus and a parked vehicle causing grave injury to MARIO UMANA including loss of a leg.

20. That said accident and the injuries sustained by the Plaintiff were caused solely through and by reason of the negligence of Defendants without any negligence on the part of the Plaintiff contributing thereto in any way whatsoever.

21. That the Plaintiff is a covered person as defined in Article 51 of the Insurance Law of the State of New York.

22. That Plaintiff has sustained serious injuries as a result of the occurrence as defined in Article 51 of the Insurance Law of the State of New York, to wit the total loss of a leg.

23. That Plaintiff, has sustained or will sustain economic loss greater than basic economic loss as defined in Article 51 of the Insurance Law of the State of New York including but not limited to a loss of limb and extensile surgeries and rehabilitative care and lost wages past and future.

24.     That prior to striking MARION UMANA with said LEXUS heretofore described, AMEAR HANIFF was imbibing alcoholic beverages at the ESSEX LOUNGE CORPORATION (hereinafter may be referred to as Essex Lounge).

25.     That ESSEX LOUNGE CORPORATION  is authorized to do business in the State of New York, and owned, controlled, managed, and/or operated, and was the licensee of a certain place of accommodation, commonly known as "Essex Lounge" located at 131-15 Jamaica Avenue, Richmond Hill, New York, 11418 and in the business of serving alcoholic liquors to the general public.

26.     That upon information and belief, on June 26, 2016, the bartenders and staff of Essex Lounge knowingly caused intoxication or impairment of ability of AMEAR HANIFF by unlawfully selling or providing alcoholic beverages to a visibly intoxicated person, to wit, AMEAR HANIFF in violation of New York General Obligations Law § 11-101, 11-100, and New York Alcoholic Beverage Control Law § 65.

27.     That after drinking alcoholic beverages and becoming intoxicated at Essex Lounge AMEAR HANIFF did commit the acts complained of herein and then did enter the 2015 Lexus at or shortly before 4:00 A.M. on June 26, 2016 and did strike plaintiff MARIO UMANA.

28.     That as a result of such intoxication AMEAR HANIFF was operating a motor

vehicle while intoxicated and/or impaired and such intoxication and/or impairment caused or contributed to the occurrence herein and was a contributing cause to plaintiff's injuries as heretofore stated.

29.   That the conduct of the defendants and each of them was willful, wanton, intentional, and reckless so as to justify an award of punitive damages to plaintiff.

30.   That as a result of the conduct of Defendants, as aforesaid, Plaintiff sustained severe and protracted personal injuries, requiring hospitalization, rehabilitation, the loss of a leg, need for a prosthesis, surgical interventions, rehabilitation, was incapacitated from his normal pursuits and employment, and Plaintiff is informed and verily believes that same will continue in the future, all to his detriment and loss in an amount which exceeds the jurisdictional limits of all other Courts.

### AS AND FOR A CAUSE OF ACTION
### FOR LOSS OF SERVICES

31.   That plaintiffs repeat, reiterate and re-allege each and every allegation as contained in those paragraphs of the Complaint designed as "1" through "30" immediately preceding with the same full force and effect as if fully set forth herein at length.

32.   That at all times hereinafter mentioned, plaintiff, FRANCISCA RIVAS was and is the lawful spouse of plaintiff MARIO UMANA.

33.   That by reason of the foregoing relationship, plaintiff, FRANCISCA RIVAS was and is entitled to the services, society and companionship of her husband, plaintiff MARIO UMANA.

34.   That by reason of the foregoing premises and each of them, plaintiff,

FRANCISCA RIVAS, was and shall remain deprived of the services, society and companionship of her husband, plaintiff MARIO UMANA.

35.    That by reason of the foregoing, plaintiff, FRANCISCA RIVAS, demands judgment against the defendant in the amount which exceeds the jurisdictional limits of any other Court of competent jurisdiction.


**WHEREFORE**, plaintiffs demand judgment as against the defendant as stated herein, together with the costs and disbursements of this action.


Dated: September 1, 2016
      New York, N.Y.

                                        Yours, etc.,
                                        The Law Office of
                                         Kevin L. Mosley, P.C.
                                        Attorney for Plaintiff(s)
                                        11Park Place, 10th Floor
                                        N.Y., New York 10007
                                        P. (212) 631-7000
                                        F. (646) 304-2007

                                        By: _Kevin L. Mosley_
                                                Kevin L. Mosley, Esq.

SUPREME COURT STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------X

MARIO UMANA and FRANCISCA RIVAS,

                Plaintiff,

                                    INDEX NO:


            -against-                         **SUMMONS AND**
                                              **COMPLAINT**

AMEAR HANIFF, AFTABADEEN M. HANIFF,
S. JAGERNAUTH-HANIFF and ESSEX LOUNGE
CORP.,

                Defendant.

-------------------------------------------------------X


## SUMMONS AND COMPLAINT


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**THE LAW OFFICE OF KEVIN L. MOSLEY, P.C.**
Attorney for Plaintiffs
11 PARK PLACE, 10TH FLR
N.Y., N.Y., 10007
Tel. (212) 631-7000
Fax: (646) 304-2007[service not accepted by fax]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
MARIO UMANA and FRANCISCA RIVAS,
                              Plaintiffs,

                                                            **ORDER WITH**
                                                            **NOTICE OF ENTRY**

              -against-                                     Index No.: 710769/16

AMEAR HANIFF, AFTABADEEN M. HANIFF
S. JAGERNAUTH-HANIFF and ESSEX LOUNGE
CORP.,
                              Defendants.
-----------------------------------------------------------X

         PLEASE TAKE NOTICE, annexed hereto is a true copy of the Order of Hon. Leslie J.

Purificacion, J.S.C., dated April 6, 2017 granting plaintiff's motion for a default judgment

against all defendants in the above captioned matter.

Dated: New York, New York
        June 13, 2017


                                   Law Office of Kevin L. Mosley, P.C.
                                   Attorney for Plaintiff
                                   Office & P.O. Address
                                   30 Vesey St. 4th Flr.
                                   New York, New York 10007
                                   (212) 631-7000

TO:

Clerk of the Court

Amear Haniff
Aftabadeen M. Haniff
Jagernauth-Haniff
122-14 109th Avenue
Jamaica, New York 11420

Essex Lounge Corp.
131-15 Jamaica Avenue
Richmond Hill, New York 11418

NYSCEF DOC. NO. 13

INDEX NO. 710769/2016
RECEIVED NYSCEF: 04/19/2017

## NEW YORK SUPREME COURT - QUEENS COUNTY

Present: HONORABLE __LESLIE J. PURIFICACION__      IA Part __39__
                                          Justice

-------------------------------------------------X
MARIO UMANA and FRANCISCA RIVAS,

                            Plaintiff(s),

        -against-

AMEAR HANIFF, AFTABADEEN M. HANIFF, S.
JAGERNAUTH-HANIFF and ESSEX LOUNGE
CORP.,

                            Defendant(s).
-------------------------------------------------X

Index
Number __710769/2016__

Motion Seq. __#1__

**FILED**

APR 19 2017

COUNTY CLERK
QUEENS COUNTY

The following papers numbered 1 to 4 read on this motion by plaintiffs for a default judgment pursuant to CPLR §3215 and to set this matter down for an immediate inquest as to damages.

                                                    Papers
                                                    Numbered

Notice of Motion, Affirmation, Exhibits..........................1-4

Upon the foregoing papers it is ordered that the motion is decided as follows:

Plaintiffs commenced this action by the filing a summons and complaint on September 8, 2016, seeking to recover damages as the result of a motor vehicle accident with the plaintiff pedestrian Mario Umana on June 26, 2016.  Defendant Aftabadeen M. Haniff was personally served on September 22, 2016.  Process was served upon defendants Amear Haniff and S. Jagernauth-Haniff on September 22, 2016, pursuant to CPLR §308(2), with the mailing completed on September 23, 2016 and the filing of the affidavits of service completed on October 6, 2016 (*see* CPLR §308(2)).  Defendant Essex Lounge Inc. was served pursuant to CPLR § 311(a)(1) on September 21, 2016.

Plaintiffs now moves for a default judgment against said defendants.

To date, all defendants have failed to appear. Plaintiffs now move for a default judgment against said defendants . This instant motion was served on defendant by mail on March 7, 2017, therefore, jurisdiction has been obtained over all the necessary parties.

Defendants have failed to serve an answer or move to extend the time to do so, or to oppose this motion.

Accordingly, the motion is granted.

Upon the filing of a Note of Issue, Statement of Readiness and after compliance with all of the Rules of the Court, plaintiff shall serve a copy of this Order and a copy of the Note of Issue or proof of filing the Note of Issue upon the appropriate Clerk located in Room 140 of the Supreme Court, Queens County, at 88-11 Sutphin Boulevard, Jamaica, New York, within 30 days of the entry date of this order.

**Plaintiffs are directed to appear for inquest on Tuesday, June 27, 2017 at 9:30 a.m. in the Trial Scheduling Part, Courtroom 25, at 88-11 Sutphin Boulevard, Jamaica, New York.**

Plaintiff is directed to serve a copy of this Order and a notice containing the date of the inquest upon the defaulting defendant at least ten (10) days prior to the inquest. Plaintiff shall provide proof of service of the aforesaid Order and notice at the time of inquest.

This is the decision and order of the court.

Date: April 6, 2017

_____

HON. LESLIE J. PURIFICACION, J. S. C.

FILED
APR 19 2017
COUNTY CLERK
QUEENS COUNTY

# AFFIRMATION OF SERVICE

STATE OF NEW YORK )
                              ) ss.:

COUNTY OF NEW YORK )

       Kevin L. Mosley, Esq., being an attorney duly licensed to practice law in the state of

New York duly affirms under penalty of perjury, in accordance with CPLR§ 2106 as follows:

       I am not a party to the action; I reside in Queens County, New York, and I am over 18

years of age.

       On June 13, 2017 I served the within **Notice of Inquest** and **Order with Notice of**

**Entry** to all defendants by depositing a true copy thereof, enclosed in a postpaid wrapper, in an

official depository under the exclusive care and custody of the United States Post Office,

addressed to the defendants, set forth below, at the last known address set forth below :

1. AMEAR HANIFF,
2. AFTABADEEN M. HANIFF,
3. S. JAGERNAUTH-HANIFF at

122-14 109TH Avenue
Jamaica, New York 11420

4.ESSEX LOUNGECORP at
131-15 Jamaica Avenue
Richmond Hill, New York 11418


Dated: June 13, 2017
       New York, N.Y

                                          _____
                                        Kevin L. Mosley, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------X
MARIO UMANA and FRANCISCA RIVAS,

                    Plaintiffs,

                -against-

AMEAR HANIFF, AFTABADEEN M. HANIFF
S. JAGERNAUTH-HANIFF and ESSEX LOUNGE
CORP.,

                  Defendants.
--------------------------------------------------------X

**ORDER WITH
NOTICE OF
ENTRY**

Index No.: 710769/16

**LAW OFFICE OF KEVIN L. MOSLEY, P.C.**
**Attorneys for Plaintiff(s)**
**30 Vesey Street, 4th Floor**
**New York, New York 10007**
**Tel. (212) 631-7000**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------X
MARIO UMANA and FRANCISCA RIVAS,
                    Plaintiffs,

                                                        **JUDGMENT**

        -against-                                       Index No.: 710769/16

AMEAR HANIFF, AFTABADEEN M. HANIFF
S. JAGERNAUTH-HANIFF and ESSEX LOUNGE          **FILED & RECORDED**
CORP.,
                    Defendants.                         JAN 0 7 2019
-------------------------------------------------X
                                                        COUNTY CLERK
                                                        QUEENS COUNTY

        **WHEREAS** plaintiffs Mario Umana and Francisca Rivas commenced an action against

defendants on or about September 8, 2016 relating to injuries sustained by the plaintiff Mario

Umana when he was struck by defendants' automobile;

        **AND** defendants were served with the summons and complaint and failed to answer the

complaint resulting in the scheduling of an Inquest before the Honorable Sidney F. Strauss at the

Queens County Supreme Courthouse at 88-11 Sutphin Boulevard, Jamaica, New York on August

21, 2018;

        **AND** plaintiff having duly appeared at said Inquest with counsel Kevin L. Mosley, P.C.,

the Court after hearing plaintiff's testimony and examining the evidence determined that

plaintiff was damaged in the amount of $10,000,000.00 Dollars in compensatory damages

(certified transcript of the August 21, 2018 Inquest is attached as Exhibit A;

        **AND** such compensatory damages include damages for pain and suffering, loss of

earnings and loss of consortium for plaintiffs;

        **IT IS** ~~ORDERED,~~ ADJUDGED ~~AND DECREED~~ after inquest that plaintiffs

Mario Umana and Francisca Rivas c/o Law Office of
Kevin L. Mosley, P.C located at 41-45 Prospect Avenue
Douglaston, NY. 11363 have

judgment against the herein defendants in the amount of $10,000.000.00 Dollars joint and

severally;

~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED~~ that the costs and

$1280.00

disbursements are taxed in the sum of ~~$1,401.00, bringing the total net sum to $10,001,401.00~~

~~Dollars ( Proposed Bill of Costs attached as Exhibit B)~~, and;

~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED~~ that post inquest

interest pursuant to CPLR 5002 and 5004 is awarded at nine percent (9%) per annum simple

$330410.96

interest in the amount of ~~$450,063.06, bringing the total award to $10,451,464.05;~~ And

~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED~~ that plaintiffs have a

final judgment against defendants AMEAR HANIFF, AFTABADEEN M. HANIFF

S. JAGERNAUTH-HANIFF and ESSEX LOUNGE CORP in the amount of $ 10,331,690.96

Dollars and have execution thereon.

DOCKET

Judgment signed this 7th day of January, 2019

Amear Haniff
Aftabadeen M. Haniff
S. Jagernauth-Haniff
122-14 109th Ave.
Jamaica. N.y. 11420

Essex Lounge Corp
131-15 Jamaica Ave.
Richmond Hill, N.y. 11418

*Audhay I. Aujfer*

Clerk of the Court

ENTERED

JAN 07 2019
2:45PM

COUNTY CLERK
QUEENS COUNTY

FILED & RECORDED

JAN 0 7 2019

COUNTY CLERK
QUEENS COUNTY

SUPREME     **Court**

**County of**

MARIO UMAN/ and FRANSCISCA RIVAS

                                              *Plaintiff(s)*

                 -against-

AMEAR HANIFT ET AL.

                                              *Defendant(s)*

Index No.

710769/2016

Costs of:

PLAINTIFF

## COSTS

| | |
|---|---|
| Costs Before Note of Issue CPLR § 8201 subd. 1 | $ 200 |
| Costs After Note of Issue CPLR § 8201 subd. 2 | $ 200 |
| Trial of Issue CPLR § 8201 subd. 3 | $ 300 |
| Allowance by Statute CPLR § 8302 (a), (b) | $ |
| Additional Allowance CPLR § 8302 (d) | $ |
| Motion Costs CPLR § 8202 | $ 45 |
| Appeal to Appellate Term CPLR § 8203 (b) | $ |
| Appeals to Appellate Division CPLR § 8203 (a) | $ |
| Appeals to Court of Appeals CPLR § 8204 | $ |
| Costs upon Frivolous Claims And Counterclaims CPLR § 8303-a | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| WITHIN COSTS TAXED ON NOTICE AT $ 1280.00 | $ |
| *JAN 07 2019* | $ |
| *COUNTY CLERK QUEENS COUNTY* | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| Costs $ 700 Disbursements Total $ 1280 | $ 950 |

$1280.00

## DISBURSEMENTS

| | |
|---|---|
| Fee for Index Number CPLR § 8018 (a) | $ 210 |
| Referee's Fees CPLR § 8301 (a)(1), 8003(a) | $ |
| Commissioner's Compensation CPLR § 8301 (a)(2) | $ |
| Clerk's fee, Filing Notice of Pend. Or Attch. CPLR § 8021 (a)(10) | $ |
| Entering and Docketing Judgment CPLR § 8301 (a)(7), 8016(a)(2) | $ |
| Paid for Searches CPLR § 8301 (a)(10) | $ |
| Affidavits & Acknowledgments CPLR § 8009 | $ |
| Serving Copy Summons & Complaint CPLR § 8011(h)(1), 8301 (d) | $ 266.00 |
| Request for Judicial Intervention | $ 95 |
| Note of Issue CPLR § 8020(a) | $ 95.30 |
| Paid Referee's Report CPLR § 8301 (a)(12) | $ |
| Transcripts and Filing CPLR § 8021 | $ |
| Certified Copies of Papers § 8301(a)(4) | $ |
| Satisfaction Piece CPLR § 5020(a), 8021 | $ |
| Certified Copy of Judgment CPLR § 8021 | $ |
| Postage CPLR § 8301(a)(12) | $ |
| Jury Fee CPLR § 8020 (c) | $ 30 |
| Stenographers' Fees CPLR § 8002, 8301 | $ |
| Sheriff's Fees on Execution CPLR § 8011, 8012 | $ |
| Sheriff's Fees, Attachment, Arrest, etc. CPLR § 8011 | $ |
| Paid Printing Cases CPLR § 8301(a)(6) | $ |
| Clerk's Fees, Court of Appeals CPLR § 8301(a)(12) | $ |
| Paid Copies of Papers § 8016 (a)(4) | $ |
| Motion Expenses CPLR § 8301(b) | $ 45 |
| Fees for Publication CPLR § 8301 (a)(3) | $ |
| Serving Subpoena CPLR § 8011(h), 8301 (d) | $ |
| Paid for Search CPLR § 8301(a)(10) | $ |
| Referee's Report | $ |
| Attendance of Witnesses CPLR § 8001(a)(b)(c), 8301 (a)(1) | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ 650 |

$580

Attorney's Affirmation

State of New York)      ss:
County of Queens)

The undersigned Kevin L. Mosley, Esq. , an attorney duly admitted to practice law in the courts of the State of New York, hereby affirms the following under penalty of perjury that I am counsel for the plaintiffs,

and as such am fully familiar with the facts and circumstances of the above captioned action; that the foregoing costs are correct and were necessarily incurred in this action and are reasonable in amount; and that the services for which fees have been charged were actually and necessarily performed and are reasonable in amount.

Dated: December 5, 2018

Kevin L. Mosley, Esq.
Attorney for Plaintiffs
41-45 Prospect Avenue
Douglaston, New York 11363
212-631-7000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------X
MARIO UMANA and FRANCISCA RIVAS,
                Plaintiffs,

          -against-

AMEAR HANIFF, AFTABADEEN M. HANIFF
S. JAGERNAUTH-HANIFF and ESSEX LOUNGE
CORP.,
                Defendants.
------------------------------------------------------X

**JUDGMENT**

Index No.: 710769/16

**FILED & RECORDED**

**JAN 0 7 2019**

**COUNTY CLERK
QUEENS COUNTY**

Law Office of Kevin L. Mosley, P.C
41-45 Prospect Avenue
Douglaston, New York 11363
212-631-7000